# UNITED STATES DISTRICT COURT
для the
Eastern District of Tennessee

| | |
|---|---|
| United States of America<br>v.<br><br>ROCKELE BRYANT<br><br>_Defendant(s)_ | )<br>)<br>) Case No. 3:19-MJ-1064<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 30, 2019__ in the county of __Knox__ in the __Eastern__ District of __Tennessee__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 §§ 841(a)(1), and 841(b)(1)(A) | Possession with intent to distribute five (5) kilograms or more of cocaine, a Schedule II controlled substance. |

This criminal complaint is based on these facts:

Please see the Affidavit of DEA Special Agent James K. Blanton which is attached hereto and fully incorporated herein.

☑ Continued on the attached sheet.

_Complainant's signature_

DEA Special Agent James K. Blanton
_Printed name and title_

Sworn to before me and signed in my presence.

Date: 5/1/19

_Judge's signature_

City and state: Knoxville, Tennessee

Debra C. Poplin, United States Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, JAMES K. BLANTON, being duly sworn, depose and state as follows:

1. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516(1). I have been a Special Agent with the Drug Enforcement Administration ("DEA") since February 1998. I have been assigned to the Knoxville, Tennessee, Resident Office since June 2001. Previously, I was assigned to the Miami Field Division, High Intensity Drug Trafficking Area ("HIDTA") Task Force from September 1998 to June 2001. Prior to my employment with DEA, I was employed as a law enforcement officer with the Edmonson County, Kentucky, Sheriff Department and the United States Department of the Interior, National Park Service. In the past, I have participated in numerous investigations of narcotics violations and money laundering. I have conducted investigations utilizing complex investigative techniques and the utilization of analytical methods during narcotics and money laundering investigations. I have experience and training in the debriefing of confidential sources ("CSs") about drug trafficking, in surveilling persons involved in drug trafficking, and in conducting searches for controlled substances and records of drug trafficking activity.

2. I am familiar with the methods in which drug traffickers conduct their business, including but not limited to their methods of importing and distributing drugs, their use of conveyances in the conduct of their business, their use of cellular telephones and other cellular communication devices, their use of numerical codes and code words to conduct their

1

transactions, and their methods of laundering drug proceeds. I am also familiar with the methods that drug traffickers use to protect themselves, their drugs, and assets from other criminals and law enforcement to include violence and threats of violence often through the use of firearms.

3. I am participating in an investigation of a cocaine hydrochloride, also known as (a.k.a.) "cocaine," drug trafficking organization (DTO) and the laundering of drug trafficking proceeds, which is being jointly conducted by agents of the DEA, Knoxville Police Department (KPD), and the Internal Revenue Service – Criminal Investigation (IRS-CI).

4. Except as noted herein, all of the information contained in this affidavit is either known to me personally, has been told to me by another law enforcement officer, or I have obtained through reading investigative reports prepared by other law enforcement officers. Moreover, this affidavit does not contain all of the information known to me or law enforcement about this investigation.

5. The facts provided in this affidavit are also based in part on information provided by law enforcement agents with the DEA, KPD, IRS-CI, and other law enforcement agencies; on information provided by confidential sources; on business records; on other information noted herein, and on my experience and background as a DEA Special Agent. This affidavit is intended to show merely that there is sufficient probable cause for the requested Complaint and does not set forth all of my knowledge about this matter.

6. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) have been committed by Rockele BRYANT.

2

Case 3:19-cr-00075-PLR-DCP   Document 25   Filed 05/01/19   Page 3 of 5   PageID #: 61

## PROBABLE CAUSE

7. Since July 2018, DEA has been investigating a large-scale cocaine drug trafficking organization in the Eastern District of Tennessee and elsewhere. The investigation revealed that Brandon THOMAS was the source of supply to Christopher WYRICK and others.

8. The DEA obtained court ordered interception of wire and electronic communications of (865) 386-7472 (Target Telephone #1) and (865) 317-2065 (Target Telephone #2), which are both used by WYRICK and (470) 349-2950 (Target Telephone #3), which is used by THOMAS.

9. On March 26, 2019, U.S. Magistrate Judge Debra C. Poplin for the Eastern District of Tennessee signed a court order authorizing the collection of historical cell-site information and the real-time geo-location of Target Telephone #3 (THOMAS) for a period of 30 days.

10. During the course of the investigation, based the wire calls and geo-location data, agents have learned that WYRICK calls THOMAS to purchase cocaine. THOMAS then drives from Douglasville, Georgia to Knoxville, Tennessee to deliver the cocaine to WYRICK. Rockele BRYANT lives with THOMAS and would occasionally travel with THOMAS on his deliveries.

11. Based on the interception of wire and electronic communications and the real time geo-location data, DEA agents learned that a cocaine drug transaction was scheduled to take place late in the evening on April 30, 2019. At 12:35 a.m. on May 1, 2019, agents were conducting surveillance of the meeting location at 2710 Morning Crest Way, Apt. 201, Knoxville, Tennessee. Agents saw Rockele BRYANT exit a vehicle and carry a large duffle bag into the residence. Agents executed a federally authorized search warrant and found a duffle bag

3

containing approximately 7 kilograms of cocaine, 1 kilogram of cocaine in the kitchen of the residence, United States currency, and a firearm. Based on my training and experience in this investigation, I believe the substance found is powder cocaine. Agents received lab results from other cocaine seized in this investigation and it tested positive for cocaine.

## CONCLUSION

12. Based on the forgoing, there is probable cause to believe that Rockele BRYANT did knowingly possess with intent to distribute more than five kilograms of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

FURTHER AFFIANT SAYETH NAUGHT.

Executed this _____ day of May _____, 2019, in Knoxville, Tennessee, located within the Eastern District of Tennessee.

_____
James K. Blanton
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me
on this 1st day of April, 2019.

_____
DEBRA C. POPLIN
UNITED STATES MAGISTRATE JUDGE

4